IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL A. TINSLEY** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 19-1206** |
| **v.** | : | |
| | : | |
| **COURT OF COMMON PLEAS,** *et al.* | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 21st day of December 2022, upon consideration of the *pro se* petition for a writ of *habeas corpus* filed by Petitioner Russell A. Tinsley ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 2]; the state court record; the *Report and Recommendation* issued by the Honorable Richard A. Lloret, United States Magistrate Judge (the "Magistrate Judge"), recommending that the Petition be denied, [ECF 20]; Petitioner's objections to the *Report and Recommendation*, [ECF 22]; Respondents' response to the objections, [ECF 25], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R lack merit and are **OVERRULED**;[1]

---

[1] On September 25, 2007, Petitioner appeared before the Honorable Gregory E. Smith of the Court of Common Pleas of Philadelphia County and entered a negotiated plea of *nolo contendere* to charges of involuntary deviate sexual intercourse and simple assault. Following his plea, Petitioner was sentenced to eleven and one-half (11 ½) to twenty-three (23) months followed by eight (8) years of reporting probation. After Petitioner underwent a Megan's Law assessment, the court determined that he met the definition of a "Sexually Violent Predator." Consequently, the court required Petitioner to comply with Megan's Law registration and reporting requirements in addition to lifetime outpatient treatment at a Sexual Treatment Unit. As outlined in the R&R, Petitioner filed multiple *pro se* and counseled appeals and Post Conviction Relief Act petitions ("PCRA") with the Pennsylvania state courts.

In his *habeas corpus* petition, Petitioner asserts four (4) claims for relief set forth verbatim in the R&R and herein incorporated. [*See* ECF 20, pg. 10]. Petitioner's claims essentially amount to his challenge to (a) the state court's procedural denials of his PCRA petition and (b) the ineffective assistance of his trial counsel for failing to properly advise him with respect to the effect of his *nolo contendere* plea. The Magistrate Judge addressed these claims and issued a thorough, well-reasoned, 23-page R&R in which he recommended that all of

3.     Petitioner's petition for a writ of *habeas corpus*, [ECF 2], is **DENIED**; and

4.     No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Petitioner's claims be dismissed as either procedurally defaulted, non-cognizable, and/or without merit. [ECF 20]. Petitioner has now filed objections to the R&R. [ECF 22].

When a party files timely objections to an R&R, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

In his objections, Petitioner disagrees with the Magistrate Judge's analysis and essentially repeats the same arguments presented to the state courts and in his *habeas* petition with respect to the alleged failure of his trial counsel to properly advise him of the Megan's Law implications of his *nolo contendere* plea. Petitioner also contends that the Magistrate Judge erred by not conducting an evidentiary hearing. Each of these arguments was considered and correctly rejected by the Magistrate Judge. This Court agrees with the Magistrate Judge's analysis and conclusions and finds that: (a) Petitioner's claim for ineffective assistance of counsel was procedurally defaulted because the state court declined to consider this claim on an independent and adequate state-law ground; and (b) Petitioner's remaining claims challenging the state court's procedural denials of his PCRA claims are not cognizable on federal *habeas* review because they challenge the state court's application of state law. In addition, because Petitioner's claims are legally without merit, the Magistrate Judge's decision to not hold an evidentiary hearing was correct under 28 U.S.C. § 2254(e)(2). Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2]     A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.